UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TEKIYA WILLIAMS,

    Plaintiff,

v.                                                     Case No. 8:24-cv-2696-TPB-CPT

LARRY GREEN,

    Defendant.
_____/

## ORDER REMANDING CASE

This matter is before the Court *sua sponte*. (Doc. 1). After reviewing the notice of removal, court file, and the record, the Court finds as follows:

This case is related to an ongoing family law case pending in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. On November 20, 2024, Defendant Larry Green attempted to remove this case from state court. In the notice of removal, Green requests that child support stop and seeks to "redeem securities." He asserts that he never abandoned the child, and he was not provided with certain disclosures. As explained below, this matter does not belong in federal court.

To the extent that Green takes issue with state court rulings, orders, and judgments, including any child support obligations enforced by the state court, his claims would be barred by the *Rooker-Feldman* doctrine because he essentially seeks review of state court proceedings and rulings. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court

decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)).

Second, to the extent that Green is asking the Court to intervene in an ongoing state court proceeding, the Court would abstain from doing so under the *Younger* abstention doctrine.[1] Under *Younger*, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention would be warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending. The Court notes that it appears the child support plan remains in effect and is being enforced by the state court, and Green may raise claims in the state proceeding.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971) (holding that a federal court should decline to intervene in a state criminal prosecution absent a showing of bad faith, harassment, or a patently invalid state statute).

Perhaps most importantly, this action appears to fall squarely within the domestic relations exception to federal court jurisdiction. *See Moussignac v. Ga. Dep't of Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) ("The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (the subject of domestic relations belongs to the States); *Cox v. 10th Judicial Circuit*, No. 8:22-cv-75-CEH-JSS, 2022 WL 1005279, at *1-2 (M.D. Fla. Mar. 10, 2022) (explaining domestic relations exception and recommending dismissal of complaint related to parenting plan), *report and recommendation adopted*, 2022 WL 1001498 (M.D. Fla. Apr. 4, 2022); *Weiner v. Campbell*, No. 8:16-cv-3412-T-36TGW, 2016 WL 7708540, at *3 (M.D. Fla. Dec. 22, 2016) (noting that "federal courts lack jurisdiction to determine issues of parental time-sharing" and recommending dismissal of the complaint), *report and recommendation adopted*, 2017 WL 89076 (M.D. Fla. Jan. 10, 2017).

For all of the different reasons discussed above, the Court lacks subject matter jurisdiction. This case is therefore remanded to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, due to lack of subject matter jurisdiction.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of December, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE